Daniel, J.
This is an action on the case against the defendant, for malicious prosecution in issuing a State’s warrant against the plaintiff for larceny. If there was, at the time, probable cause to issue the warrant, in law the plaintiff should not recover. What is probable cause, when the facts are admitted or ascertained, is a pure question of law. But if the circumstances, alleged to shew a probable cause, are disputed, the jury are to decide whether they are true *293 ox not. The Judge told the jury, “ that if they believed the facts testified to in this case, there was not a probable cause for the prosecution.” It seems to us, that the Judge left the question to the jury, as to the truth of all the facts, as they then appeared on the trial of this action. He told them that if “ these facts were true,” the defendant had no probable cause to issue the warrant. Whereas we think, that the question of probable cause rested only on those facts and circumstances, which were known to the prosecutor at the time he made his affidavit for the warrant. The facts and circumstances, which had come to his knowledge at that time, are those contained in the statements of the witnesses, Hartman, W. L. Swaim and Jackson Stafford, taken in connection with his own affidavit, as incorporated by the magistrate in the State’s warrant. All these facts and circumstances, as it seems to us, were sufficiently strong to induce the defendant to believe that the plaintiff was guilty, and in law amounted to a probable cause for him to issue the warrant. It is trae that, on the trial, the plaintiff proved her innocence in the opinion of the justice.
We are of opinion that there must be a new trial.
Per. Cub-iam. New trial awarded.